**SO ORDERED.**

**SIGNED this 13th day of December, 2011.**



Janice Miller Karlin
United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:
Bobbi Karen Studstill,                    Case No. 11-40582
                                                    Chapter 7
           Debtor.

**Memorandum Opinion and Order Granting the Trustee's Motion for
Turnover and Sustaining the Trustee's Objection to Amended Schedule C**

     Bobbi Studstill seeks to exempt the portion of a tax refund that she held as cash at the time she filed her bankruptcy petition, claiming it exempt under Kansas Senate Bill No. 12, which was passed by the Kansas Legislature in 2011. That legislation provides that a Kansas debtor in bankruptcy is entitled to exempt from the bankruptcy estate the right to receive the federal and state earned income tax credit for one tax year. Because the exemption under Kansas Senate Bill No. 12 did not take effect until April 14, 2011, however, it does not apply to the Debtor because she received the refund and converted it to cash prior to that effective date. For that reason, the Court grants

the Trustee's Motion for Turnover of Funds and/or Property[1] and sustains the Trustee's Objection to Amended Schedule C.[2]

## I. Facts

The Debtor and the Trustee have stipulated to the pertinent facts, which follow. In February 2011, the Debtor received a tax refund of $1829.74 from her 2010 federal return. On April 22, 2011, she filed a *pro se* voluntary Chapter 7 petition. She did not list the 2010 income tax refund on Schedule B or Schedule C, but did list $400 cash on Schedule B.

Debtor's bank statements reflect she did have $406.02 in her bank account on the petition date. Debtor admits, however, that she also held approximately $1300 in cash from that tax refund on the petition date. Of that amount, she maintains that $848 was actually unavailable to her because she was preparing to pay that amount to reserve a rental truck to relocate her home from Kansas to Texas. Debtor later amended her Schedule C to exempt her 2010 tax refund of $1829.74 pursuant to "Kansas Senate Bill No. 12."

Kansas Senate Bill No. 12 is a reference to a newly enacted exemption available for Kansas debtors in bankruptcy.[3] Senate Bill No 12 states:

> Section 1. An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. §101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of

---

[1] Doc. 16.

[2] Doc. 40.

[3] S. 12, 2011 Reg. Sess. (Kan. 2011), to be codified at K.S.A. 60-2315.

> 1986, as amended, and K.S.A. 2010 Supp. 79-32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended, for one tax year. Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance.
> Sec. 2.  This act shall take effect and be in force from and after its publication in the Kansas register.

The statute became effective on April 14, 2011, with its publication in the Kansas Register.[4] Under this legislation, a Kansas debtor in bankruptcy—as of April 14, 2011—is entitled to exempt from the bankruptcy estate the right to receive the tax credits allowed by the federal and state earned income tax credit. The exemption is available "for one tax year."

## II. Conclusions of Law

As a preliminary matter, the Court has jurisdiction to decide this matter,[5] and it is a core proceeding.[6]

### A. Burden of Proof Governing Turnover and Exemptions

In a motion for turnover, "[t]he trustee has the burden to prove that the property sought is in fact property of the bankruptcy estate and that the debtor was in

---

[4] *See* Vol. 30, No. 15 Kan. Reg. page 437 (April 14, 2011) (publication).

[5] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and 11 U.S.C. § 1334(a) and (b), and by operation of a Standing Order dated August 1, 1984, effective July 10, 1984, referenced in D. Kan. Rule 83.8.5, wherein the District Court for the District of Kansas referred all cases and proceedings in, under, or related to Title 11 to the District's bankruptcy judges.

[6] 28 U.S.C. § 157(b)(2)(E).

-3-

Case 11-40582   Doc# 60   Filed 12/13/11   Page 3 of 8

possession, custody or control of the property sought."[7] The Trustee must carry this burden by a preponderance of the evidence.[8] The property sought herein is cash, and the parties have stipulated that cash is property of the estate under 11 U.S.C. § 541(a).[9] Subsection 521(a)(4) requires debtors to surrender any property of the estate to the trustee.

A debtor's exemption rights are determined as of the date of filing the petition for bankruptcy.[10] Because Kansas has opted out of the federal exemption scheme, Kansas debtors are limited to state law exemptions.[11] The exemptions in Kansas are set out in sections 60-2301 to 60-2315 of the Kansas Statutes. "In determining whether a debtor is entitled to claim an exemption, the exemption laws are to be construed liberally in favor of exemption."[12]

---

[7] *In re Spencer*, 362 B.R. 489, 490 (Bankr. D. Kan. 2006); *see also* Fed. R. Bankr. P. 4003(c) (stating that the party objecting to a claim of exemption "has the burden of proving that the exemptions are not properly claimed").

[8] 5 *Collier on Bankruptcy* ¶542.02, at 542-7 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[9] All future statutory references are to the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532 (2005), unless otherwise specifically noted.

[10] 11 U.S.C. § 522(b); *Lampe v. Iola Bank & Trust (In re Lampe)*, 278 B.R. 205, 210 (10th Cir. BAP 2002) (holding that the debtor's right to exemption is determined as of date petition is filed).

[11] K.S.A. 60-2312(a).

[12] *In re Hall*, 395 B.R. 722, 729 (Bankr. D. Kan. 2008).

## B. Kansas Senate Bill No 12 Does Not Provide An Exemption for a 2010 Tax Refund Received Before the Effective Date of the Statute

The parties agree the issue is whether the cash demanded by the Trustee retained its character as a tax refund, to which the earned income credit exemption would potentially apply, when the refund had been converted to cash approximately two months prior to the filing of bankruptcy. The matter can be resolved on a more narrow basis, however, by looking to the specific language of the statute.[13] Senate Bill No. 12 exempts the "right to receive tax credits" and states that the exemption has no effect until it is published in the Kansas Register.

The Debtor received her tax refund in early February 2011. The cited exemption did not become effective until April 14, 2011. Therefore, there was no exemption available under Senate Bill No. 12 at the time the Debtor received her tax refund. Regardless of the characterization of the $1300 as cash or as refund, there was simply no state exemption available to her when she received the money. Therefore, the conversion of that tax refund to cash is also not exempt, because the tax refund was not exempt in the first place. At the date of filing her petition, she held cash—converted from a non-exempt tax refund—and there was and is no exemption available for cash under the Kansas statutes.[14] "While a court should bear in mind that exemption statutes are construed liberally so as to affect their beneficent purposes, a court

---

[13] *See Hodes v. Hood (In re Hodes)*, 308 B.R. 61,68–9 (10th Cir. BAP 2004) (requiring that state exemption laws be interpreted under the state's rules of statutory construction and concluding that, in Kansas, when the "statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed").

[14] *See In re Frierson*, 15 B.R. 157, 159 (Bankr. D. Kan. 1981) ("The Kansas exemption statute does not exempt money or bank accounts per se."); 12 *Collier on Bankruptcy* KS-1 to KS-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (listing Kansas exemptions).

Case 11-40582    Doc# 60    Filed 12/13/11    Page 5 of 8

interpreting the statute is still limited by what the terms of the statute can fairly be said to embrace."[15]

This Court is charged with predicting how the Kansas Supreme Court would rule on these facts when it has not addressed the issue dealing with exemptions under state law.[16] Here, the statutory exemption claimed by Ms. Studstill states that a debtor in bankruptcy "may exempt the debtor's right to receive tax credits" after April 14, 2011. The structure of the statute does not indicate that the Kansas legislature intended to reach back and exempt tax refunds received prior to the statute's enactment. In Kansas, unless a statute is express that it will have a retroactive effect, the statute is presumed to operate only prospectively.[17] Property must first be entitled to an "exempt" characterization before the court need assess whether the property can be converted and retain its exempt status.[18]

---

[15] *In re Sauer*, 403 B.R. 722, 727 (Bankr. D. Kan. 2009).

[16] *In re Kester*, 339 B.R. 749, 754 (10th Cir. BAP 2006).

[17] *Johnson v. Warren*, 192 Kan. 310, 314, 387 P.2d 213 (1963); *In re Africo Explorations, Inc.*, 146 B.R. 280, 287 (Bankr. D. Kan. 1992).

[18] *See, e.g.*, *In re Tessendorf*, 449 B.R. 793 (Bankr. D. Kan. 2011) (first determining the scope of property included within the exemption, and then following with conclusion that conversion of that exempt property to a certificate of deposit retained the original exemption of the money; analyzing exemption for proceeds of an insurance policy); *In re Hall*, 394 B.R. 582, 593 (Bankr. D. Kan. 2008) (same; analyzing exemption for workers compensation funds); *In re Moore*, 214 B.R. 628 (Bankr. D. Kan. 1997) (same; analyzing retirement funds and social security retirement benefits); *Armstrong-Turner Millinery Co. v. Round*, 106 Kan. 146, 186 P. 979 (1920) (concluding that the proceeds of an insurance policy covering exempt personal property are exempt to the same extent the property was exempt).

C.  **The Trustee Has Shown that the $1300 Held by Debtor Studstill on the Date of Filing Bankruptcy is Property of the Bankruptcy Estate**

The parties have stipulated that the Debtor was holding cash when she filed her bankruptcy petition and that her bank statements from a Commerce Bank account reflect a balance in the account of $406.02 on the petition date. The Trustee contends, however, that at the meeting of creditors on May 31, 2011, Ms. Studstill testified that she had $1300 in cash at the time of filing,[19] and she confirmed that admission during a status conference on this matter in September 2011.[20] She counters that $848 of the $1300 was "unavailable as cash," and that she considered it "spent" because she had reserved a rental truck on April 6, 2010[21] (although there is no assertion that the money had been transferred to the rental company).

The Court concludes that the Trustee has carried her burden of proving that Ms. Studstill held $1300 cash on the date of filing bankruptcy and that it must be turned over to the bankruptcy estate. The fact that Ms. Studstill intended, post-filing, to use $848 of that cash to rent a truck for a future move does not mean that she was not

---

[19] Doc. 16 (requesting turnover of the "1,300.00 left from [Ms. Studstill's] 2010 tax refunds as testified at the May 31, 2011 hearing"); Doc. 40 ("The debtor further testified that as of the date of filing, she had $1,300.00 in cash proceeds remaining from her 2010 income tax refunds.").

[20] Doc. 52 at p.2 ("At a hearing via teleconference on September 29, 2011, the Debtor agreed she held approximately $1,300.00 'actual cash' on the Petition Date from the tax refund.").

[21] Doc. 52 at 2 ("Debtor maintains that at the time of preparing and filing bankruptcy the amount of $848 was considered spent and absolutely unavailable as cash . . upon reserving . . . a rental truck on April 6, 2010."). From the context of this discussion in her brief, the Court assumes it was actually "2011," not "2010."

holding the $1300 as cash. As stated above, cash is property of the bankruptcy estate,[22] and, therefore, it must be turned over to the Trustee.[23]

**It is, therefore, by the Court Ordered** that the Trustee's Motion for Turnover of $1,300 is granted, and the Trustee's Objection to Amended Schedule C is sustained.

###

---

[22] 11 U.S.C. § 541(a).

[23] 11 U.S.C. § 521(a)(4).

Case 11-40582    Doc# 60    Filed 12/13/11    Page 8 of 8